IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL COLEMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1383-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Samuel Coleman, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On August 1, 2006, petitioner filed an application for writ of habeas corpus challenging his state convictions for capital murder and attempted capital murder. Petitioner subsequently filed an application to proceed *in forma pauperis*, but did not submit a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).[1]  By order dated August 14, 2006,

---

[1]   This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

petitioner was directed to correct this deficiency within 20 days or the case would be dismissed. No action was taken in response to that order. On September 11, 2006, the court issued a second deficiency notice warning petitioner that the case would be dismissed if he did not submit an inmate trust account certificate within 20 days. To date, petitioner still has not submitted a certified copy of his inmate trust account statement. The court now determines that this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner received two court orders requiring him to submit a certified copy of his inmate trust account statement by a date certain. Both orders warn petitioner that his failure to comply would result in a recommendation that this case be dismissed for want of prosecution. *See* ORDERS, 8/14/06 & 9/11/06. Despite repeated warnings, petitioner still has not submitted an inmate trust account certificate. Without this information, the court cannot rule on his *in forma pauperis* application and this case cannot proceed. Dismissal is clearly warranted under these circumstances.

*See Tanksley v. Dretke*, No. 3-04-CV-1760-P, 2004 WL 2512561 at *1 (N.D. Tex. Nov. 5, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2900651 (N.D. Tex. Dec. 10, 2004) (Solis, J.) (dismissing section 2254 habeas proceeding where petitioner failed to comply with two court orders requiring him to submit inmate trust account statement by date certain).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   October 13, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE